770 N.W.2d 669 (2009)
17 Neb. App. 791
In re Interest of SYLVESTER L., a child under 18 years of age.
State of Nebraska, appellee,
v.
Sylvester L., appellee, and
Department of Health and Human Services, appellant.
No. A-08-1188.
Court of Appeals of Nebraska.
July 21, 2009.
*670 Eric M. Stott, Special Assistant Attorney General, for appellant.
Amanda M. Speichert, Deputy Lincoln County Public Defender, guardian ad litem.
IRWIN and CARLSON, Judges.
CARLSON, Judge.

INTRODUCTION
Pursuant to this court's authority under Neb. Ct. R.App. P. § 2-111(B)(1), this case was ordered submitted without oral argument. The Nebraska Department of Health and Human Services (Department) appeals from an order of the county court for Lincoln County, sitting as a juvenile court. In its order, the court recommitted Sylvester L. to the Youth Rehabilitation Treatment Center (YRTC) in Kearney, Nebraska. On appeal, the Department argues that the court erred in sending Sylvester back to YRTC pursuant to a motion for new disposition while Sylvester was on parole. For the reasons set forth below, we reverse and vacate.

BACKGROUND
Sylvester was born on February 16, 1994. On July 22, 2005, the Lincoln County Attorney's office filed a petition alleging that Sylvester came within the meaning of Neb.Rev.Stat. § 43-247(1) (Reissue 2004) because of his recent theft of merchandise. On November 16, the court found that it was in Sylvester's best interests to be placed in the care, custody, and control of the Department for placement in a suitable foster or group home.
On July 26, 2007, the county attorney filed a motion for new disposition. The county attorney stated that on July 23, Sylvester was found to have taken property of another client at the group home where he was staying. On October 10, a dispositional hearing was held. The court found that Sylvester should be committed to the Department's Office of Juvenile Services (OJS) for placement at YRTC in Kearney.
The record shows that Sylvester was paroled from YRTC on March 18, 2008. On October 15, the county attorney filed another motion for new disposition. The county attorney stated that on two recent occasions, Sylvester had been cited with disturbing the peace. The county attorney also stated that Sylvester had been aggressive in school and had threatened harm to school staff. When confronted regarding his behavior in school, Sylvester used profanity and was defiant.
*671 A hearing was held on October 15, 2008. At the hearing, Sylvester voluntarily admitted to the allegations contained in the motion for new disposition. The court then committed Sylvester to OJS for placement at YRTC. The Department appeals.

ASSIGNMENT OF ERROR
The Department alleges the juvenile court erred by recommitting Sylvester to YRTC pursuant to a motion for new disposition while Sylvester was already on parole status.

STANDARD OF REVIEW
[1] We review juvenile cases de novo on the record, and we reach our conclusions independently of the juvenile court's findings. In re Interest of Walter W., 274 Neb. 859, 744 N.W.2d 55 (2008).

ANALYSIS
[2] The Department argues that the juvenile court erred by recommitting Sylvester to YRTC pursuant to a motion for new disposition while Sylvester was already on parole status. The Department contends that in essence, the court revoked Sylvester's parole, and that under Nebraska law, only OJS has the power to revoke a juvenile's parole.
[3] Neb.Rev.Stat. § 43-404 (Reissue 2008) defines OJS as a division within the Department that is charged with oversight, administration, and control of state juvenile correctional facilities and programs for juveniles who have violated the law. In addition, Neb.Rev.Stat. § 43-416 (Reissue 2008) states:
[OJS] shall have administrative authority over the parole function for juveniles committed to [YRTC] and may (1) determine the time of release on parole of committed juveniles eligible for such release, (2) fix the conditions of parole, revoke parole, issue or authorize the issuance of detainers for the apprehension and detention of parole violators, and impose other sanctions short of revocation for violation of conditions of parole, and (3) determine the time of discharge from parole.
The Nebraska statutes, specifically Neb. Rev.Stat. §§ 43-419 to 43-423 (Reissue 2008), go on to provide an outline of the parole revocation process for a juvenile. This process includes the following: a preliminary hearing by an impartial hearing officer; notice of the preliminary hearing, including its purpose and the alleged violations; a written decision regarding probable cause; a hearing within 14 days after the preliminary hearing if the juvenile is being held pending the hearing; the right to compel witnesses to attend and testify on his or her behalf; and the opportunity to present a statement in his or her own behalf. Section 43-422 states that a juvenile may admit the parole violations in writing after being notified of the possible consequences and his or her rights pertaining to the hearing. The record shows that Sylvester was not granted all of the rights that he was entitled to if his parole had been revoked by OJS.
Sylvester argues that the court did not violate OJS' authority, because the court recommitted Sylvester on the new charges and did not revoke his parole. The record does not support this conclusion. Although the county attorney filed a motion requesting a new disposition for Sylvester, the county attorney did not file a petition setting out new allegations or charges against Sylvester. If the county attorney had filed a petition setting out new law violations and Sylvester had been adjudicated under § 43-247(1) (Reissue 2008) based on these new charges, the juvenile court would have had the authority to *672 recommit Sylvester to YRTC under these new allegations. That is not what happened in the instant case. By sending Sylvester back to YRTC on a motion for new disposition while Sylvester was on parole, the juvenile court in effect revoked Sylvester's parole.
[4,5] The Nebraska statutes make it clear that only OJS has the authority to revoke Sylvester's parole. And because the juvenile court revoked Sylvester's parole, rather than OJS, Sylvester was not granted all of the rights to which he was entitled. For these reasons, we reverse and vacate the juvenile court's order recommitting Sylvester to YRTC.

CONCLUSION
After reviewing the record, we conclude that the juvenile court lacked authority to recommit Sylvester to YRTC pursuant to a motion for new disposition while Sylvester was already on parole. Therefore, we reverse and vacate the juvenile court's order recommitting Sylvester to YRTC.
REVERSED AND VACATED.
INBODY, Chief Judge, participating on briefs.